Knud K. Foraast

*v.*

David Hyman *et al.*

*Filed at Ottawa October 31, 1891.*

Bankrupt—*right of redemption.* Upon an adjudication in bank-
·ruptcy, all the bankrupt's right of action for property, real or personal,
·and all his redemption rights as to real property, pass to his assignee
in bankruptcy; and the bankrupt can not thereafter assert any such
right by bill to redeem, by bill to enforce a trust, or for specific per-
formance.

Appeal from the Appellate Court for the First District;—
heard in that court on appeal from the Circuit Court of Cook
·county; the Hon. Lorin C. Collins, Judge, presiding.

Messrs. DALE & FRANCIS, and Mr. F. W. BECKER, for the appellant:

Appellant's rights were not such as passed to his assignee in bankruptcy. *Hatch* v. *Wagner*, 15 Ill. 127; *Elder* v. *Jones*, 85 id. 384; Perry on Trusts, sec. 234; *Bowman* v. *People*, 82 Ill. 246; *Baker* v. *Copenbarger*, 15 id. 103; *Merry* v. *Bostwick*, 13 id. 398; *Nicholson* v. *Walker*, 4 Bradw. 404; *Gilman* v. *Bell*, 99 Ill. 144; *Robinson* v. *Denny*, 57 Ala. 492; *In re Benson*, 8 Biss. 116.

Mr. HOWARD HENDERSON, for the appellee Bertha Schniber:

Whatever rights appellant had in the lot passed to his assignee. *Spindle* v. *Shreve*, 111 U. S. 512; *McNab* v. *Heald*, 41 Ill. 326; *Holbrook* v. *Coney*, 25 id. 543; *Jewett* v. *Preston*, 27 Me. 400; *Robinson* v. *Denny*, 57 Ala. 492.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Knud K. Foraast, to enforce the specific performance of a parol agreement in reference to a certain lot in Chicago. It is alleged in the bill that in September, 1874, complainant owned, in fee simple, a certain lot in Chicago, subject to a $1600 incumbrance; that he was indebted to defendant Hyman in the sum of $400 and over, and being unable to meet the indebtedness without a sacrifice, he consulted with Hyman, stating freely his situation; that Hyman, after full consultation, proposed that defendant should execute to him his judgment note for his entire indebtedness; that judgment, execution sale and purchase by Hyman of the lot should take place; that at the foreclosure sale of the $1600 incumbrance, Hyman would purchase, and would, as a favor to complainant, hold the title, subject to redemption by complainant, whenever, if ever, he should be able to redeem the same, upon payment of the said indebtedness and the amount expended, with interest, provided com-

plainant and his wife would quitclaim to Hyman said lot; that it was further agreed that complainant should retain possession of said lot, and Hyman should collect the rents from the improvements thereon, giving complainant credit for any balance remaining after payment of taxes, insurance and repairs; that this proposition was accepted by complainant; that a judgment note was executed, judgment entered thereon for $515, and, at an execution sale of said lot, the purchase thereof was made by Hyman; that at the foreclosure sale of the $1600 incumbrance, Hyman became the purchaser; that complainant and wife quitclaimed the lot to Hyman; that Hyman collected the rents for six years and five months, amounting to $3850; that the lot was worth, at a low estimate, $5000 at the time of conveyance; that Hyman paid nothing therefor, and that the only consideration which moved complainant was the faith that complainant had that Hyman would, as agreed, after acquiring title, hold it as a trustee for complainant, with the right in complainant personally to have a reconveyance, upon compliance, whenever he should be able, with the terms of said contract; that in 1887 Hyman conveyed the lot to one Schniber, but the purchaser took the conveyance with notice of Hyman's agreement with complainant. It is also alleged that in 1876 complainant was adjudged a bankrupt, and his assignee in bankruptcy undertook to sell his equity in said lot to one Bowen, who filed a bill against Hyman in the Superior Court of Cook county to redeem under the terms of said agreement, which bill was dismissed; that his assignee in bankruptcy acquired no title to said lot; that the undertaking of Hyman was only a grant, personally, to complainant; that complainant was discharged in bankruptcy in 1876; that he has never, up to the present time, been financially able to undertake to compel Hyman to do what he, agreed; that he is now ready and willing to pay Hyman any balance found due on an accounting. The bill prays that the, agreement may be established for an accounting and a re-.

conveyance of the property. A general demurrer was inter-
posed to the bill, which the court sustained, and a decree was
rendered dismissing the bill for want of equity. That decree
was affirmed in the Appellate Court.

Section 5046 of the Bankrupt act provides, that "all the
property conveyed by the bankrupt in fraud of his creditors,
all rights in equity, choses in action, patent rights and copy-
rights, all debts due him,  *  *  *  and all his rights of
action for property or estate, real or personal, and for any
cause of action which he had against any person arising from
contract,  *  *  *  and all his rights of redeeming such
property or estate, together with the like right, title, power and
authority to sell, manage, dispose of, sue for and recover or
defend the same, as the bankrupt might have had if no as-
signment had been made, shall  *  *  *  be at once vested
in such assignee."

The complainant having been adjudged a bankrupt in 1876,
while the contract entered into between him and Hyman was
in full force, the question presented by the record is, whether
his interest in the property, whatever it may have been, did
not pass, under the section of the statute *supra*, to his as-
signee. If the complainant's right, title or interest in and to
the property passed to his assignee, then it is plain, disregard-
ing all other questions, he can not maintain this bill.

Recurring to the case made by the bill, it will be found that
the complainant's right to a decree rests upon a parol agree-
ment made with Hyman, by the terms of which complainant
had the right to redeem the property and obtain a reconvey-
ance, upon the payment of certain advances Hyman had made
in acquiring the title. Now, whether complainant's cause of
action may be termed a bill to redeem or a bill for specific
performance, or a bill to enforce a trust, is a matter of no
moment. According to complainant's statement in the bill,
when he was adjudged a bankrupt he had, in equity, a right of

action to obtain the title to the property in question upon the payment of certain advances made by Hyman, and under the express terms of the statute all his rights of action for property, real or personal, and all his redemption rights as to any real property, passed to his assignee.

It is claimed in the argument that the equity of redemption claimed under the Hyman agreement was an equity belonging to complainant alone, dependent upon his own ability, conferred upon him as a personal favor, and therefore wholly personal. We do not regard this position tenable. If complainant had, under the contract, the right to redeem the land upon the payment of a certain sum of money, that right conferred upon him an equitable interest in the property, which, upon his death, would descend to his heirs. He could, in equity, convey it by deed, and no reason is perceived, under the broad provisions of the statute of the United States heretofore cited, why it would not pass to his assignee in bankruptcy. The fact that complainant had not, when he was adjudged a bankrupt, tendered the amount Hyman had advanced on the land, does not affect the question. His assignee, after he was adjudged a bankrupt, stood in his shoes, and possessed all and the same rights in regard to this land that he possessed.

We think it is plain that all right, title or interest which complainant had in regard to the property passed to his assignee, and he had no right whatever to maintain a bill.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*